ADONIS D. HOWARD ET AL., APPELLEES, V. OMAHA WHOLE-
SALE GROCERY COMPANY, APPELLANT.

FILED JUNE 20, 1906.    No. 14,387.

Evidence examined, and *held* sufficient to sustain a finding of agency.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JR., JUDGE. *Affirmed.*

*A. S. Churchill,* for appellant.

*Stillman & Price, contra.*

ALBERT, C.

At the time of the transaction which gave rise to this suit the plaintiffs were selling merchandise at retail in Montana, and the defendant, a corporation having its principal place of business in Omaha, was selling groceries at wholesale. On the 3d day of March, 1903, one A. A. Sheard called upon the plaintiffs, representing himself to be the defendant's agent, soliciting orders in its behalf. The plaintiffs dealing with him in his capacity as such agent ordered a bill of goods aggregating $374.79. According to the terms of the order $96.32 was paid on the bill by the plaintiffs to Sheard when the order was given; the remainder was to be paid upon the delivery of the goods to the plaintiffs in Montana. The goods were never delivered, and the plaintiffs brought suit to recover the $96.32 paid on the purchase price. The suit was defended on the theory that Sheard was not the agent of the defendant and had no authority to bind it in the premises. A jury was waived, and the court found for the plaintiffs and gave judgment accordingly. The defendant appeals.

The sole question presented by the record is whether there is sufficient evidence to sustain a finding that Sheard was the defendant's agent, authorized to take the order in question and receive the cash payment thereon. It appears from the evidence that at the time the order was given Sheard was actively soliciting orders for the defendant in Montana, and had taken similar orders from other parties, receiving cash payments thereon. A suspicion arose that he had no authority to take orders and receive payments thereon on behalf of defendants, and on the 7th day of March, 1903, four days after the transaction in question, he was arrested on the complaint of a third party in Montana for obtaining money under false pretenses concerning his relations with the defendant. While he was in the custody of the sheriff in Montana, in order to show that the charge was unfounded, he telegraphed the defendant, stating that he was in the custody of the

sheriff, and asking: "Will you fill all orders that I collect 25 per cent. on?" The defendant through its manager in Omaha wired this answer: "We will fill all orders on which 25 per cent. is collected, and apply the same on the price of the order." This answer came through the hands of the sheriff, and when it was exhibited to the authorities Sheard was released. On the 9th day of March, 1903, the plaintiffs wrote the defendant as follows: "20 Ranch, Forsyth, Mont., March 9, 1903. Omaha Wholesale Grocery Co.; Omaha, Neb. Dear Sirs: On the 3d day of March I ordered the inclosed bill of goods from Albert A. Sheard who represented himself as one of your salesmen. I gave him a check for ($96.32-100) ninety-six dollars and thirty-two cents, made out to the Omaha Wholesale Grocery Co. Do you authorize him to sign the company's name and collect such checks. This bill of goods was to be delivered at Rosebud, Mont., the 15th day of April, C. O. D., for the balance of the bill ($278.45) two hundred seventy-eight dollars and forty-five cents, as we paid in the check two dollars and fifty cents ($2.50) express on silver (he said he was allowed to give away), and also one dollar for error in the bill. Will the goods be at Rosebud as ordered in bill on the 15th day of April. Please answer this at once, and oblige, yours respectfully, A. D. Howard & Co."

In reply to the foregoing, the plaintiffs received from the defendant the following: "Omaha, Neb., Mar. 14, 1903. A. D. Howard & Co., Forsyth, Mont. Gentlemen: Mr. A. A. Sheard has handed us your note and order for a bill of groceries. Said bill amounts to $374.79 and shows amount collected, $96.32; leaving a bal. as shown by your note of $278.47. Owing to the trouble caused by the unwarranted proceedings of one Mr. Philbrick in having Mr. Sheard arrested and placed in jail for making these collections, we do not feel that we can ship goods up there without the pay for them, and must ask you to kindly send us a draft for the balance of your bill $278.47, on receipt of which we will ship your goods at once. We

respectfully refer you to the Union Nat'l Bank of this city as to our standing and reliability. In doing business where people are so conservative, we believe in returning the compliment and using the same conservative methods and trust they may prove entirely satisfactory to you, as it is the only way we can accept your order or ship the goods. Awaiting your favor, we are, yours very truly, Omaha Wholesale Grocery Co."

The defendant's letter admits the receipt of the order through Sheard, and acknowledges the payment which had been made to him thereon. It shows resentment at his arrest in Montana, and characterizes it as "unwarranted." When we recall that he was arrested on the suspicion that his claim of authority to sell goods and collect money for the defendant was false and fraudulent, the defendant's characterization of his arrest as "unwarranted" becomes significant. The letters and telegram were all competent evidence. To our minds they are amply sufficient to establish Sheard's authority to take the order and receive the cash payment thereon. In fact they hardly admit of any other reasonable inference. Incompetent evidence was also received for the same purpose, but as the trial was to the court, without a jury, the reception of such evidence was not prejudicial.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.